**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DAVID SHAW,<br><br>Plaintiff,<br><br>v.<br><br>LB POP KS, LLC, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-4129-EFM-BGS |

**ORDER TO SHOW CAUSE**

Defendant LB POP KS, LLC (hereinafter "LB POP") removed this action from Shawnee County, Kansas District Court to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. As the removing party, LB POP bears the burden to allege facts establishing federal subject-matter jurisdiction. *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Development Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995).

Diversity jurisdiction requires complete diversity, meaning that no plaintiff may be a citizen of the same state as any defendant. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). The citizenship of every party must therefore be considered. Complete diversity exists only when no plaintiff shares citizenship with any defendant. *Ravenswood Inv. Co., L.P. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citation omitted). Thus, it is not enough to allege that some parties are citizens of different states or that the principal adverse parties have different citizenship. The removing party must establish that every plaintiff is diverse from every defendant. If any plaintiff share citizenship with even a single defendant, complete diversity is absent and the Court lacks diversity jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

For diversity purposes, a limited liability company takes the citizenship of each of its members. *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). The citizenship of a corporation, however, is determined by both the state of incorporation and the state

where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship of an individual is determined by his or her domicile, not just their residence. *PHH Mortgage Corp. v. Stuber*, 23-1123-DDC-TJJ, 2023 WL 4999153, *2 (D. Kan. 2023).

The Notice of Removal states that Plaintiff is a Kansas citizen. It further states that the members of the LB POP are citizens of Texas. The supporting affidavit and 7.1 diversity disclosure statement states that the LLC is owned by members of the Lakhany family, all of whom are citizens of the state of Texas. It fails to identify each specific member and their citizenship. (*See* Doc. 1, 1-1, and 5.) It also fails to address the citizenship of Defendant Smitco Eateries, Inc. Therein, LB POP asserts that the Court need not consider the citizenship of Smitco Eateries, Inc. because although Smitco is named as a Defendant, it "has no interest in this matter and its agreement to removal is immaterial as it did not own the property and has not entered an appearance in the state court action." (Doc. 1, at 3.)

The Court notes that the First Amended Petition filed in Shawnee County District Court names Smitco as a Defendant and pleads in the alternative that it may have owned, operated, managed, controlled, or maintained the restaurant at issue. The Court also acknowledges that Plaintiff further alleges that Smitco is a foreign for-profit corporation organized under Arkansas law that formerly conducted business in Kansas. It is unclear, however, whether the allegation that Smitco "formerly conducted business in Kansas" bears upon the location of its principal place of business. If Smitco's principal place of business is Kansas, the Court has significant concerns that complete diversity would be lacking. The Court is further concerned that the Notice of Removal is silent as to Smitco's state of incorporation or its principal place of business.

The Court therefore orders LB POP to **SHOW CAUSE** in writing on or before **November 12, 2026**, why this action should not be remanded to Shawnee Count, Kansas District Court for lack

of federal subject-matter jurisdiction. The response of LB POP must establish the citizenship of every party, including the identity of each member of LB POP and their citizenship, as well as the state of incorporation and principal place of business of Smitco Eateries, Inc. Failure to adequately establish complete diversity may result in a recommendation to that this matter be remanded to state court.

**IT IS SO ORDERED**.

Dated this 2nd day of November, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge